NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2226
_____

CHRISTOPHER D. AUBRECHT,
                                        Appellant

v.

PENNSYLVANIA STATE POLICE, JEFFERY B. MILLER, JOHN R. BROWN,
RALPH M. PERIANDI, RODNEY PATTERSON, JAMES J. GAROFOLO, JAMES
MCFADDEN, MARCENIA ROBINSON, STACY SCHMITT, BRYAN L. KEY,
ANTHONY DELUCA, MICHELLE FREE, AND THE PENNSYLVANIA STATE
TROOPERS ASSOCIATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-01053)
District Judge:  Honorable David Stewart Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
July 15, 2010

Before: FUENTES, VANASKIE, and WEIS, Circuit Judges.

(Opinion Filed: August 5, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Christopher D. Aubrecht appeals the District Court's order granting summary judgment to the Pennsylvania State Police ("PSP"), a number of named officers in their individual and official capacities (together with the PSP, the "Commonwealth Defendants"), and the Pennsylvania State Troopers Association (the "Association"). We have jurisdiction under 28 U.S.C. § 1291, and will affirm.[1]

**I.**

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issue on appeal.[2] Pennsylvania State Trooper Christopher D. Aubrecht contends that his complaints concerning an alleged ticketing quota system resulted in adverse treatment at the hands of his superiors. Aubrecht has been employed by the PSP since 1994. He serves in Troop T at the New Stanton Station, a troop assigned the task of patrolling the Pennsylvania Turnpike system. As a turnpike trooper, Aubrecht's primary responsibility is traffic enforcement.

---

[1] We exercise plenary review of the District Court's entry of summary judgment. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).

[2] Aubrecht defaulted in the District Court by failing to respond to the Defendants' Concise Statements of Material Facts or provide his own. Thus, pursuant to the Western District of Pennsylvania's Local Civil Rule 56.1(C) and (E), the facts set forth in the statements of the Commonwealth Defendants and the Association are undisputed for purposes of this appeal.

In an effort to evaluate the relative performance of officers on turnpike patrol, one factor the PSP considers is the individual officers' rates of traffic citations, written warnings, and assists to motorists compared to the monthly station averages in those categories. As a rule, officers are not instructed to issue any set number of citations. When officers consistently fall below the average, however, supervisors will assign a senior officer to accompany the junior officer (known as "ride-a-longs") to ensure that the officer is using his or her unobligated time wisely.

For many years, Aubrecht had written far fewer citations than the station average, resulting in friction with his supervisors. In June 2004, Sergeant Key, citing pressure from superiors, allegedly instructed Aubrecht to write a minimum of twenty citations per month. On August 15, 2004, Aubrecht sent a memo to Key expressing his concerns about the legality of the required number of citations; Aubrecht invoked 71 P.S. § 2001, a Pennsylvania law that proscribes the use of quotas in the enforcement of traffic laws. Key responded on August 16, 2004, claiming that Aubrecht had misunderstood their conversation and that he did not mean to order him to write twenty citations per month.

Aubrecht claims that as a result of his refusal to participate in the illegal quota system, he was subjected to adverse employment conditions, which only increased after the June 2004 conversation with Key. The adverse employment actions of which he complains include: ride-a-longs, denial of transfer requests, denial of overtime opportunities, remedial training, poor performance evaluations, denial of training, and

denial of certain shift selections. Based on these perceived slights, Aubrecht sought relief in the District Court under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights.

The District Court held that Aubrecht failed to show that the Commonwealth Defendants deprived him of a constitutional right or that the Association acted under "color of state law." The Court held that while the Commonwealth Defendants did act under "color of state law," none of the actions alleged by Aubrecht amounted to constitutional violations. The Court granted summary judgment to the defendants and dismissed the case. Aubrecht appeals.

## II.

## A.

The Commonwealth Defendants argue, and we agree, that Aubrecht's appeal must "be dismissed due to appellants manifest failure to comply with [Federal Rule of Appellate Procedure] 28(a)(9)(A)." (Br. at 35.) Rule 28(a)(9)(A), Fed. R. App. P., and Local Appellate Rule 28.3(c) both require that appellants' briefs articulate contentions supported by reasoning grounded in authority, as well as citations to the factual record. We have held "that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). "[A]n argument consisting of no more than a conclusory assertion . . . (without even a citation to the record) will be deemed waived." Reynolds v. Wagner, 128 F.3d 166, 178

(3d Cir. 1997). Disregarding these well-settled rules, Aubrecht's brief includes no citations to the record and, at best, surface-level treatment of authority.

In Aubrecht's brief, numerous pages of the "facts" section are copied directly from the Complaint without citations to the record. Large portions of the "facts" section are then recopied verbatim in the "argument" section of the brief, again without record citations.[3] Notwithstanding his contention that "genuine issues of fact exist[] concerning the claims advanced by the Appellant in that the evidence of record is such that a reasonable jury could return a verdict for the Appellant," (Br. at 14), Aubrecht fails to point us to *any* facts or evidence in the record that could undermine the District Court's holding.

Additionally, Aubrecht makes virtually no effort to support his allegations with relevant legal authority. For example, Aubrecht writes: "[a] public employee does not speak 'as a citizen' when he makes a statement 'pursuant to official duties.'" (Appellant's Brief at 20 (quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)).) After quoting these phrases, Aubrecht fails to provide any evidence or authority that would explain to this

---

[3] Moreover, many of the alleged facts included in the brief are contradicted by the record. For example, the Commonwealth Defendants' Concise Statement of Material Facts clearly articulates that the alleged "quota system" amounted to nothing more than a monthly average that assisted supervisors in ensuring that officers used their time wisely. In fact, Aubrecht admitted to this in his own deposition, calling it a "dynamic" quota that changed from month to month. (App. A-126.) Aubrecht's brief does not contest or explain these critical factual issues, choosing instead to copy and paste stale allegations from his complaint.

Court why, as a police officer, his statements to superiors regarding the alleged quota system would not qualify as statements made "pursuant to official duties." He makes no attempt to distinguish his conduct from the conduct explicitly excluded from coverage in Garcetti. The lack of engagement with the case law renders his brief insufficient pursuant to the Rules of Appellate Procedure and our local rules. Because Aubrecht's submission does not satisfy the undemanding requirement that a brief contain minimally adequate "supporting arguments and citations," we will dismiss his appeal. Simmons v. City of Philadelphia, 947 F.2d 1042, 1065 (3d Cir. 1991).

**B.**

Even if Aubrecht had filed a proper brief, we would hold that the District Court did not err in granting summary judgment to the Commonwealth Defendants and the Association. To succeed in a § 1983 claim, the defendant must allege a deprivation of a constitutional or federal right and that the defendants acted under "color of state law." Aubrecht has not shown that any of the defendants violated his constitutional rights or that the Association acted under "color of state law."

Aubrecht's primary contention on appeal appears to be that the individual Commonwealth Defendants violated his First Amendment right to freedom of speech by punishing him for speaking out against the "illegal and unlawful 'quota system.'" (Appellant's Brief at 20-27.) As stated above, however, the case law simply does not support this allegation. Consistent with the Supreme Court's holding in Garcetti v.

Ceballos, we have held that where a public employee makes statements within the workplace pertaining to his or her official duties, that speech is not protected by the First Amendment. See Foraker v. Chaffinch, 501 F.3d 231, 241-43 (3d Cir. 2007) ("In making their voices heard up the chain of command and reporting to the State Auditor under order, [plaintiffs] spoke pursuant to their duties as government employees. . ."). Here, it is undisputed that Aubrecht confined all of his comments to the workplace and that all of his complaints dealt with aspects of his official duties as a police officer. Therefore, his speech regarding the alleged "quota" is not afforded constitutional protection.

Aubrecht also appears to raise Fourteenth Amendment challenges regarding his treatment at the hands of the Commonwealth Defendants. First, he argues that the police department deprived him of a property interest without due process of law by denying overtime, shift preferences, station transfers, etc.[4] Aubrecht points to no authority to support his contention that these perceived slights implicate property interests protected by the Constitution. Regardless, the PSP does provide a process, via a grievance procedure, that Aubrecht simply chose not to use, and Aubrecht points to no authority suggesting that such a process is inadequate. Second, Aubrecht asserts an Equal Protection claim. It is well-settled, however, that a public employee cannot assert an

---

[4] Aubrecht also raises a Fifth Amendment Due Process claim. Because the alleged wrongs involve only state actors, this claim was properly dismissed.

Equal Protection claim under the "class of one" theory as Aubrecht attempts to do. Enquist v. Oregon Dep't of Agriculture, 553 U.S. 591 (2008).

The District Court also properly concluded that the Association was not acting under "color of state law." The Supreme Court has held that "to constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." West v. Atkins, 387 U.S. 42, 48 (1988) (internal quotations omitted). Aubrecht has pointed to nothing in the record suggesting that the Association acted in concert with the Commonwealth Defendants in allegedly violating his constitutional rights.

**III.**

For the foregoing reasons, we affirm the District Court's judgment.